# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GA TELESIS, LLC, a Delaware limited liability company,<br><br>                                    Plaintiff,<br><br>     v.<br><br>GKN AEROSPACE, CHEM-TRONICS, INC., a California corporation; POWERTURBINE, INC.,<br><br>                                    Defendants. | CASE NO. 12-CV-1331-IEG (BGS)<br><br>**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S THIRD CAUSE OF ACTION FOR CONCEALMENT**<br><br>[Doc. No. 14] |
| GKN AEROSPACE, CHEM-TRONICS, INC., a California corporation,<br><br>                            Third-Party Plaintiff,<br><br>     v.<br><br>POWERTURBINE, INC.<br><br>                            Third-Party Defendant. | |

Presently before the Court is a motion by Third-Party Defendant, Powerturbine, Inc. ("Third-Party Defendant") to dismiss Third-Party Plaintiff GKN Aerospace, Chem-Tronics, Inc. ("Third-Party Plaintiff")'s third cause of action for concealment pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 14.] For the reasons stated below, the Court **DENIES** Third-Party Defendant's motion to dismiss.

**BACKGROUND**

This case involves the purchase and sale of 63 airplane engine fan blades ("Fan Blades"). [Doc. No. 1, Compl. ¶ 5.] Plaintiff GA Telesis, LLC ("Plaintiff" or "Plaintiff GA Telesis") purchases and sells commercial aircraft, commercial aircraft engines, and engine parts. [Id. ¶ 5.] Third-Party Plaintiff alleges in its Third-Party complaint that it overhauls, repairs, and sells commercial aircraft engine parts. [Doc. No. 4, Third-Party Compl. ¶ 6.] Third-Party Plaintiff further alleges that Third-Party Defendant obtains and re-sells aircraft engine parts. [Id. ¶ 7.]

Third-Party Defendant alleges in its motion to dismiss that Third-Party Plaintiff's allegations regarding its business model are too broad, and that Third-Party Defendant is in reality a "broker" on behalf of airlines that sends engine parts rejected by one repair station to a second repair station for potential repairs before attempting to resell them. Third-Party Defendant further states in its motion to dismiss that it assumes no responsibility for the quality of the engine parts. [Doc. No. 14-1, Third Party Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss ("Third-Party Def.'s P. & A.") at 2.] Third-Party Plaintiff alleges in its Third-Party complaint that it did not know that Third-Party Defendant's business model was to seek certification of parts which another repair shop had previously inspected and rejected. [Doc. No. 4, Third-Party Compl. ¶ 15.]

Third-Party Plaintiff alleges in its opposition to the motion to dismiss that Third-Party Defendant had previously purchased the 63 Fan Blades from Saudi Arabian Airlines ("SAA") [Doc. No. 20, Third-Party Pl.'s Opp'n to Mot. to Dismiss ("Third-Party Pl.'s Opp'n") at 4.]; and that prior to the sale, SAA had sent the Fan Blades to a repair station, MTU Maintenance ("MTU"), for inspection and repair. [Id. at 4]. It alleges in its Third-Party complaint that MTU determined that the Fan Blades' wall thickness failed to meet the manufacturer's specifications. [Doc. No. 4, Third-Party Compl. ¶¶ 12-13.] Third-Party Plaintiff alleges that Third-Party Defendant, despite knowing about MTU's determination, purchased the Fan Blades. [Id. ¶¶ 13-15.] Third-Party Plaintiff alleges that MTU would likely have attached to the Fan Blades documentation to indicate defects ("reject tags"). Third-Party Plaintiff believes that after Third-Party Defendant purchased the Fan Blades, it removed the reject tags. [Id. ¶¶ 13-14.]

On June 14, 2010, Third-Party Defendant sent the Fan Blades to Third-Party Plaintiff for

an "overhaul repair" to get them certified before reselling. [Doc. No. 4, Third-Party Compl. ¶¶ 9, 13.] At the time, Third-Party Defendant did not notify Third-Party Plaintiff about the insufficient wall thickness. [Id. ¶¶ 11, 13-15.] After adhering to the governing Federal Aviation Administration ("FAA") regulations regarding overhaul, Third-Party Plaintiff subsequently rejected 6, overhauled 57, and purchased 30 of the Fan Blades for $690,000 from Third-Party Defendant. [Id. ¶¶ 10, 11.]

On August 4, 2010, Third-Party Plaintiff sold 22 of the overhauled Fan Blades to Plaintiff GA Telesis and 8 to a different party. [Id. ¶ 11; Doc. No. 1, Compl. ¶¶ 6-7.] On August 10, 2010, Third-Party Plaintiff issued an invoice to Plaintiff in the amount of $745,690.00, certifying that all 22 of the Fan Blades were in "overhauled condition" and were "serviceable." [Id. ¶ 7.] Plaintiff subsequently sold these Fan Blades to Delta Airlines, Inc. ("Delta"). [Doc. No. 4, Third-Party Compl. ¶ 11.] Third-Party Plaintiff alleges that Delta sent the Fan Blades to MTU, which informed Delta that some of the Fan Blades had previously been rejected by MTU for insufficient wall thickness, as a result of which they could not be used as intended. [Id. ¶ 12.]

In May 2012 [Doc. No. 20, Third-Party Pl.'s Opp'n at 10.], Plaintiff demanded a full refund in the amount of $745,690 from Third-Party Plaintiff. [Doc. No. 4, Third-Party Compl. ¶ 18] On June 4, 2012, Plaintiff filed a complaint against Third-Party Plaintiff and Third-Party Defendant alleging breach of contract and asserting money damages. [Doc. No. 1, Compl.] On June 5, 2012, Third-Party Plaintiff filed a third-party complaint[1] against Third-Party Defendant alleging the following causes of action: (1) indemnity; (2) breach of implied warranty of merchantability; (3) concealment; and (4) declaratory relief. [Doc. No. 4, Third-Party Compl.] On July 24, 2012, Third-Party Defendant filed the present motion to dismiss Third-Party Plaintiff's third cause of action for concealment. [Doc. No. 14-1, Third-Party Def.'s P. & A.][2]

---

[1] Third-Party Plaintiff incorrectly titled its pleading as a "Cross-Complaint." In federal court, a complaint filed by a third-party plaintiff against a non-party "who is or may be liable to it for all or part of the claim against it" is called a "third-party complaint." Fed. R. Civ. P. 14(a). Therefore, the Court refers to Third-Party Plaintiff's pleading as a "third-party complaint."

[2] Third-Party Defendant also requests that the Court take judicial notice of 4 documents: (1) Federal Aviation Administration Advisory Circular 145-9, Guide for Developing and Evaluating Repair Station and Quality Control Manuals, issued July 03, 2003; (2) Federal Aviation Administration Order 8130.21G, Subject: Procedures for Completion

## DISCUSSION

Presently before the Court is Third-Party Defendant's motion to dismiss Third-Party Plaintiff's third cause of action for concealment.

**I.     Motion to dismiss**

A court should grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, it is improper for a court to assume "the [plaintiff] can prove facts which [he or she] has not alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). A court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). As a general rule, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, unless the material was submitted as part of the complaint or formed the basis of plaintiff's complaint, or if the court took judicial notice of it. Lee v. City of Los

---

and Use of the Authorized Release Certificate, FAA Form 8130-3, Airworthiness Approval Tag, at 3-10 (October 26, 2009); (3) GKN Aerospace Chem-tronics. Document: Stage 1 Fan Blade, IAE V2500, Available Repair Scope, Revised March 15, 2006; (4) Federal Aviation Administration, Airworthiness Directives for International Aero Engines AG (IAE) V2500, published in the Federal Register Volume 63, Issue 193, pp. 53558-60 (October 6, 1998).

Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of official information posted on a governmental website if its accuracy is undisputed. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of lists of vendors publically available on the websites of the school districts, which are government entities); In re Amgen Inc., 544 F. Supp. 2d 1009, 1023-24 (C.D. Cal. 2008) (taking judicial notice of drug labels taken from the Food and Drug Administration's website). The Ninth Circuit has also taken judicial notice of a non-governmental website when the fact was not subject to reasonable dispute because it could be accurately and readily determined from sources whose accuracy cannot be questioned. See Matthews v. Nat'l Football League Mgmt. Council, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of the Tennessee Titan's schedule available on the team page of the National Football League's company website).

Because Exhibits 1, 2, and 4 are from the Federal Aviation Administration website, the Court may take judicial notice of these documents as they are taken from an official government website and Third-Party Plaintiff does not specifically dispute their accuracy. See Fed. R. Evid. 201(b). The Court also takes judicial notice of Exhibit 3 because it is a document available on Third-Party Plaintiff's company website and Third-Party Plaintiff does not specifically dispute its accuracy. See Matthews, 688 F.3d at 1113. Accordingly, the Court **GRANTS** Third-Party Defendant's request for judicial notice.

Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

### A. Claim for Concealment

To establish a claim for fraudulent concealment, a plaintiff must allege that: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact ("reliance"); and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage. Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1163 (9th Cir. 2012) (citing Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 612 (1992)).

"In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Because concealment is a cause of action for fraud, it must satisfy the particularity requirement of Rule 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (citations omitted). A complaint meets this standard if it alleges "the time, place, and specific content of the false representations as well as the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted)). "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

"[I]ntent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Although allegations of fraud based on information and belief usually do not satisfy the particularity requirements under Rule 9(b), "the rule may be relaxed as to matters within the opposing party's knowledge." Moore, 885 F.2d at 540. For example, in cases of corporate fraud where "plaintiffs will not have personal knowledge of all of the underlying facts," "the particularity requirement may be satisfied if the allegations are accompanied by a statement of facts on which the belief is founded." Id. (internal quotation omitted).

In the present motion, Third-Party Defendant argues that Third-Party Plaintiff fails to

establish that the allegedly concealed fact is material, Third-Party Defendant's duty to disclose the concealed fact, and Third-Party Plaintiff's reliance on the concealment. [Doc. No. 14-1, Third-Party Def.'s P. & A. at 1.]

### 1.     Defendant concealed or suppressed a material fact

To establish a claim for fraudulent concealment, a plaintiff must first allege that the defendant concealed or suppressed a material fact. Davis, 691 F.3d at 1163 (citing Marketing West, Inc., 6 Cal. App. 4th at 612). A misrepresentation or concealed fact is "material if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question . . . and such materiality is generally a question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it." Sanders v. Apple Inc., 672 F.Supp.2d 978, 985 (N.D. Cal. 2009) (quoting Engalia v. Permanente Med. Grp., Inc. 15 Cal. 4th 951, 977 (1997) (internal quotation marks, citation omitted)).

In its motion, Third-Party Defendant alleges that Third-Party Plaintiff is precluded by FAA regulations from relying on information from Third-Party Defendant in lieu of its own inspection. It alleges that thus, any statements or silence by Third-Party Defendant cannot be material to Third-Party Plaintiff's inspection process. [Doc. No. 14-1, Third-Party Def.'s P. & A. at 14.]

Third-Party Plaintiff alleges that Third-Party Defendant actively concealed from it the insufficient wall thickness of the Fan Blades, which it argues is a material fact. [Doc. No. 4, Third-Party Compl. ¶ 32.] Third-Party Plaintiff alleges that the Fan Blades "cannot be used as intended if their wall thickness does not meet [the manufacturer's] specifications," and that "it would not have certified [the Fan Blades]" had it known about the defect. [Id. ¶¶ 12, 33.] In response to Third-Party Defendant's argument that its statements or silence cannot be material as a result of FAA regulations, Third-Party Plaintiff contends that it performed the overhaul in accordance with the governing FAA regulations, which did not require it to test the wall thickness of the Fan Blades. [Doc. No. 20, Third-Party Pl.'s Opp'n at 6-7.]

In light of the fact that materiality is generally a question of fact and because Third-Party Plaintiff's allegations are sufficient to establish that a reasonable person would have been

influenced by the fact, the Court finds that Third-Party Plaintiff has pleaded adequate facts to show materiality. The Court also finds that Third-Party Plaintiff has sufficiently alleged Third-Party Defendant concealed this material fact from it.

### 2. **Duty to Disclose**

A duty to disclose exists when any one of the following four circumstances is present: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff; or (4) the defendant makes partial representations but also suppresses some material facts. Deteresa v. American Broadcasting Cos., Inc., 121 F.3d 460, 468 (9th Cir. 1997) (citing LiMandri v. Judkins, 52 Cal. App. 4th 326, 337 (1997)); see also Goodman v. Kennedy, 18 Cal. 3d 335, 346-47 (1976). The first circumstance requires a fiduciary relationship; the other three "presuppose[] the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." Deteresa, 121 F.3d at 467. Such relationships "are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances." Id.

Third-Party Defendant argues that Third-Party Plaintiff fails to adequately allege facts showing that Third-Party Defendant owed a duty to disclose information to Third-Party Plaintiff regarding the thickness of the Fan Blades. [Doc. No. 14-1, Third-Party Def.'s P. & A. at 9.]

Third-Party Plaintiff alleges, *inter alia*, that Third-Party Defendant actively concealed from it a material fact, namely the insufficient wall thickness, which gives rise to a duty to disclose. [Doc. No. 4, Third-Party Compl. ¶ 32.] To demonstrate that Third-Party Defendant actively concealed a material fact, Third-Party Plaintiff alleges that Third-Party Defendant "deliberately and intentionally concealed" from it its knowledge of the Fan Blades' repair history, namely their rejection for insufficient wall thickness by MTU. [Id. ¶ 32] Third-Party Plaintiff believes that Third-Party Defendant knew that some or all of the Fan Blades had been inspected and rejected by another repair shop. [Id. ¶ 17.]

More specifically, Third-Party Plaintiff alleges that "the Fan Blades were not accompanied by any reject tags indicating that MTU had previously inspected and rejected any of the Fan

1  Blades for insufficient wall thickness, nor did [Third-Party Defendant] notify [Third-Party
2  Plaintiff] that the Fan Blades had previously been inspected and rejected by MTU for insufficient
3  wall thickness." [Doc. No. 4, Third-Party Compl. ¶ 14.]  Third-Party Plaintiff states that when
4  MTU completed its inspection, it "would have applied 'reject tags' to the Fan Blades indicating
5  their defect." [Id. ¶ 13.]  However, when Third-Party Defendant sent the Fan Blades to Third-
6  Party Plaintiff to be overhauled, Third-Party Plaintiff alleges that they were not accompanied by
7  reject tags. [Id. ¶ 14.]

8       The Court construes Third-Party Plaintiff's allegations of fact as true, see Cahill, 80 F.3d at
9  337-38, and finds that Third-Party Plaintiff has alleged the time, place, and specific content of the
10 misrepresentations, and the parties to the misrepresentations.  See Swartz, 476 F.3d at 764.
11 Therefore, the Court finds that Third-Party Plaintiff has alleged facts sufficient to survive a motion
12 to dismiss under Rule 9(b)'s heightened pleading standard by showing a duty to disclose arising
13 from Third-Party Defendant's active concealment of a material fact.

14               **3.**    **Intent to Defraud**

15      A plaintiff must also allege that the defendant intentionally concealed or suppressed the
16 fact with the intent to defraud the plaintiff to support a claim for fraudulent concealment.  Davis,
17 691 F.3d at 1163 (citing Marketing West, Inc., 6 Cal. App. 4th at 612).

18      Third-Party Plaintiff alleges that Third-Party Defendant obtained the Fan Blades, which
19 had been rejected for insufficient wall thickness, from MTU "in order to attempt to re-sell them,
20 despite the fact that MTU had previously rejected the Fan Blades for insufficient wall thickness."
21 [Doc. No. 4, Third-Party Compl. ¶ 13.]  Third-Party Plaintiff also alleges that Third-Party
22 Defendant's "business model [is] to seek certification of parts which another repair shop had
23 previously inspected and rejected." [Id. ¶ 15.]  It believes that Third-Party Defendant "deliberately
24 and intentionally" concealed the repair history of the Fan Blades from it because Third-Party
25 Defendant "knew that if [Third-Party Plaintiff] was told that the Fan Blades had previously been
26 rejected by another repair shop, [Third-Party Defendant's] ability to obtain the desired certification
27 from [Third-Party Plaintiff] would be jeopardized." [Id. ¶ 17.]

28      Because intent may be alleged generally, see Fed. R. Civ. P. 9(b), and Third-Party Plaintiff

presents facts on which its belief of intent is founded, see Moore, 885 F.2d at 540, the Court finds that it has alleged facts sufficient to demonstrate Third-Party Defendant's intent to defraud to survive a motion to dismiss.

### 4. Reliance

A court may find "reliance" if "the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact." Davis, 691 F.3d at 1163. Under California law, there is no "reliance" "[i]f the conduct of the plaintiff [in relying upon a misrepresentation] in the light of his own intelligence and information was manifestly unreasonable." Id. (citing Broberg v. Guardian Life Ins. Co. of Am., 171 Cal. App. 4th 912, 921 (2009) (alterations in original) (internal citation and quotation marks omitted)). "To establish manifest unreasonableness, '[i]t must appear that [plaintiff] put faith in representations that were preposterous or shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth.'" Davis, 691 F.3d at 1163 (quoting Broberg, 171 Cal. App. 4th at 921-22) (alterations in original) (internal citation and quotation marks omitted)). Whether reliance on a misrepresentation was reasonable is a question of fact for the jury, and "may be decided as a matter of law only if the facts permit reasonable minds to come to just one conclusion." Davis, 691 F.3d at 1163 (internal quotation omitted).

California courts have also held that there can be no reasonable reliance where the parties dealing at arm's length had a reasonable opportunity to discover defects in the transaction. See, e.g., Desert Outdoor Adver. v. Superior Ct., 196 Cal. App. 4th 866 (2011); Brown v. Wells Fargo Bank, NA, 168 Cal. App. 4th 938, 85 (2008) (explaining that there can be no reasonable reliance where the plaintiff, dealing at arm's length, "had a reasonable opportunity to discover the true terms of the contract" but simply failed to read the contract before signing it).

Third-Party Defendant argues that Third-Party Plaintiff fails to allege facts showing that Third-Party Plaintiff relied on the concealment. Third-Party Defendant also states that Third-Party Plaintiff's reliance was not reasonable because under FAA regulations, a repair station may not rely on another party's inspection in lieu of its own unless expressly authorized by the FAA. [Doc. No. 14-1, Third-Party Def.'s P. & A. at 13-14.]

1    Third-Party Plaintiff states that it followed the governing FAA regulations when
2 conducting its overhaul. [Doc. No. 20, Third-Party Pl.'s Opp'n at 6-7.] Third-Party Plaintiff
3 alleges that it was "unaware" of the insufficient wall thickness because the Fan Blades were not
4 accompanied by reject tags, and that Third-Party Defendant never notified Third-Party Plaintiff
5 about the wall thickness. Third-Party Plaintiff also contends that it was not under any duty to
6 inspect the thickness of the Fan Blades as it was not required to do so under the governing federal
7 regulations. [Doc. No. 4, Third-Party Compl. ¶ 4, 10-11, 14, 16.] Third-Party Plaintiff further
8 alleges that it "would not have certified [the Fan Blades]" had it known about the insufficient wall
9 thickness. [Id. ¶ 33.]

10   The Court finds that Third-Party Plaintiff alleges facts sufficient to demonstrate that it was
11 unaware of the insufficient wall thickness of the Fan Blades and that it would have acted
12 differently had it known. Further, in light of the fact that the reasonableness of the reliance is
13 generally a question of fact for the jury, see Davis, 691 F.3d at 1163, the Court finds that Third-
14 Party Plaintiff has adequately pleaded reliance to survive a motion to dismiss.

15        **5.    Damages**

16   Third-Party Plaintiff must demonstrate that as a result of the concealment or suppression of
17 the material fact, it sustained damage. Davis, 691 F.3d at 1163 (citing Marketing West, Inc., 6
18 Cal. App. 4th at 612). Third-Party Plaintiff alleges that Plaintiff GA Telesis has demanded a full
19 refund from Third-Party Plaintiff in the amount of $745,690. It states that its damages are not only
20 the amount of the refund, but also attorney's fees and legal costs incurred responding to Plaintiff's
21 claims. [Doc. No. 4, Third-Party Compl. ¶¶ 18-19.] The Court finds that Third-Party Plaintiff has
22 adequately pleaded damages.

23   In conclusion, the Court finds that Third-Party Plaintiff has pleaded adequate facts to
24 survive a motion to dismiss on its claim for concealment. The Court finds that Third-Party
25 plaintiff has stated with particularity the circumstances constituting fraudulent concealment, see
26 Fed. R. Civ. P. 9(b), such that Third-Party Defendant can prepare an adequate answer from the
27 allegations. See Moore, 885 F.2d at 540.

28              **CONCLUSION**

For the reasons stated above, the Court **DENIES** Third-Party Defendant's motion to dismiss Third-Party Plaintiff's third cause of action for concealment.

**IT IS SO ORDERED.**

**DATED:** November 2, 2012

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**